IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | | |
|---|---|---|---|
| ALLSTATE VEHICLE AND, PROPERTY INSURANCE COMPANY, | ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | Case No. | 3:15-CV-05121-BCW |
| ELMER D. ADAMS, | ) ) | | |
| Defendant. | ) | | |

## ORDER

Before the Court is Plaintiff Allstate Vehicle and Property Insurance Company's ("Allstate") Renewed Motion for Judgment as a Matter of Law (Doc. #231) and Motion for New Trial (Doc. #229). The Court, being duly advised of the premises, denies said motions.

## BACKGROUND

On November 20, 2015, Plaintiff Allstate Vehicle and Property Insurance Company filed a declaratory judgment action against Defendant Elmer Dave Adams, Jr., relating to an Allstate insurance policy covering Adams' dwelling and personal property for a policy period of February 19, 2014 through February 19, 2015.

On August 6, 2014, the dwelling and personal property owned by Adams sustained damages as a result of a fire. Subsequently, Adams submitted a claim to Allstate for insurance proceeds based on the property damage. Allstate denied Adams' claim because its investigation revealed that Adams' loss was attributable to a fire that was intentionally set. Allstate sought a declaration of "no coverage," based on its investigatory conclusions, and further alleged Adams

1

claimed damages were not covered under the policy because Adams concealed and/or misrepresented material facts.

Adams alleged counterclaims against Allstate for breach of contract, vexatious refusal to pay, and defamation. Before trial, the Court granted summary judgment in Allstate's favor on Adams' defamation claim. (Doc. #152).

On April 2, 2018, the Court held a jury trial on the remaining claims and counterclaims. The jury returned a verdict in favor of Adams and against Allstate on each of the remaining claims and counterclaims. The jury returned verdicts in favor of Adams.

On May 4, 2018, Allstate filed the instant motion for judgment as a matter of law under Fed. R. Civ. P. 50, or, in the alternative a new trial under Fed. R. Civ. P. 59. (Doc. #231).

## LEGAL STANDARD

Under Fed. R. Civ. P. 50, judgment as a matter of law is proper if "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on [a specific] issue . . . ." Fed. R. Civ. P. 50(a)(1). In determining whether to grant a motion for judgment as a matter of law, the Court must

> (1) consider the evidence in the light most favorable to [plaintiff], (2) assume that all conflicts were resolved in favor [plaintiff], (3) assume as provided all facts that [plaintiff's] evidence tended to prove, (4) give [plaintiff] the benefit of all favorable inferences that may reasonably be drawn from the proved facts, and (5) deny the motion unless all the evidence points one way and is susceptible of no reasonable inferences sustaining [plaintiff's] position.

Denesha v. Farmers Ins. Exch., 161 F.3d 491, 497 (8th Cir. 1998).

In sum, the legal question before the district court when entertaining a motion for judgment as a matter of law is simply whether there was sufficient evidence to support the jury's verdict. See Smith v. World Ins. Co., 38 F.3d 1456, 1460 (8th Cir. 1994) (internal citation omitted). The Eighth Circuit has recognized that, "[b]ecause the law places a high standard on overturning a jury

2

verdict, judgment as a matter of law is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." Ogden v. Wax Works, Inc., 214 F.3d 999, 1005 (8th Cir. 2000) (internal citation omitted).

Under Fed. R. Civ. P. 59, a trial court may grant a new jury trial "for any reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." The relevant standard for such a motion is deferential, and centers on abuse of discretion by the Court during the subject trial. See Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000). "The key question is whether new trial should have been granted to avoid a miscarriage of justice." McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1400 (8th Cir. 1994).

## ANALYSIS

### A. ALLSTATE IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

Allstate argues it is entitled to judgment as a matter of law because a reasonable jury would not have a legally sufficient basis to find for Adams on his vexatious refusal counterclaim. The Court disagrees.

Allstate argues evidence at trial established that Allstate had a reasonable basis to deny Adams' claim. Allstate argues it presented evidence to support its conclusion that Adams committed arson. Specifically, Allstate argues it introduced substantial evidence to establish that: (1) the fire was intentionally set by Adams and Allstate had a reasonable basis to believe Adams committed arson; (2) only Adams had a financial motive to set the fire; and (3) Adams had the opportunity to set the fire.

In the Court's view, Adams presented sufficient evidence on his vexatious refusal claim for the jury to determine whether Allstate's conduct was not reasonable in denying Adams' claim.

3

"Generally, a question of reasonableness is a question of fact for the jury rather than a question of law for the court." Watters v. Travel Guard Int'l, 136 S.W.3d 100, 109 (Mo. Ct. App. 2004). A vexatious refusal claim should be submitted to a jury where there are disputed facts concerning the reasonableness of an insurance company's refusal to pay. Shirkey v. Guarantee Trust & Life Ins. Co, 258 S.W.3d 885, 889 (Mo. Ct. App. 2008). Both parties presented evidence concerning Allstate's refusal to pay Adams' claim. Ultimately, it was up to the finder of fact to determine whether Allstate's basis for denial was reasonable. The jury ruled in favor of Adams on his vexatious refusal claim. The Court finds the jury's verdict was not against the clear weight of the evidence. Thus, Allstate's motion for judgment as a matter of law is denied.

    B. **ALLSTATE IS NOT ENTITLED TO A NEW TRIAL.**

        **1. Comments made by Adams' counsel do not provide Allstate with an adequate basis for new trial.**

Allstate contends it is entitled to a new trial because it was unfairly prejudiced by comments and arguments made by Adams' counsel during trial and closing arguments.

Allstate argues during closing arguments, Adams' counsel displayed a redacted email exhibit to the jury and improperly insinuated that Allstate attempted to conceal evidence. The Court sustained Allstate's objection to counsel's argument and instructed the jury to disregard the comment. "Improper comments made to a jury may be cured, in given circumstances, by withdrawal, reprimand, or admonition, or by an instruction to the jury." Stucker v. Rose, 949 S.W.2d 235, 238 (Mo. Ct. App. 1997). The Court finds the statement made at closing arguments does not entitle Allstate to a new trial.

Further, Allstate argues it was unfairly prejudiced because Adams' counsel used the words "criminal arsonist" and "crime of arson" when questioning witnesses about the report Allstate

4

made to the National Insurance Criminal Bureau ("NICB"). Allstate admits the Court admonished counsel each time these words were mentioned.

To the extent Allstate argues it was unfairly prejudiced by counsel arguing that Allstate's statements made to the NICB constituted bad faith, the Court disagrees. In the context of Allstate's motion in limine, the Court determined that evidence of the report made the NICB was admissible for a limited purpose. The Court did not exclude reference to the NICB outright. The Court thus concludes, based on review of the record, that counsel's reference to the NICB report were not, conclusively, made in bad faith.

Further, to the extent Allstate argues Adams' counsel improperly displayed a video deposition at trial that mentioned the phrase "crime of arson" on one occasion, this single reference did not, in the context of the record as a whole, have a substantial influence on the verdict. Lewis v. Sheriff's Dep't for City of St. Louis, 817 F.2d 465, 467 (8th Cir.1987) ("[f]or there to be harmless error, the improperly admitted evidence cannot have had a 'substantial influence' on the jury's verdict"). Thus, Allstate's motion for new trial on the basis of counsel's conduct is denied.

**2. Allstate is not entitled to a new trial based on expert witness testimony.**

Allstate argues it suffered unfair prejudice when the Court improperly allowed testimony from non-retained expert, Jason Smith and retained expert witness, Ronald Gronemeyer. Allstate contends the testimonies did not meet the requirements under the Daubert standard and improperly swayed the jury. Consistent with the Court pre-trial rulings on both witnesses, the Court finds the testimonies admissible under Fed. R. Civ. P. 702.

Jason Smith's testimony was admissible and helpful to the jury based on Smith's experience as an Assistant Fire Chief with 24 years of experience and previous specialized training. The mere fact that Smith's fire investigation certificate expired does not disqualify him as an

5

Case 3:15-cv-05121-BCW   Document 237   Filed 08/10/18   Page 5 of 7

expert. "Gaps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." Robinson v. GEICO Gen. Ins. Co., 447 F.3d 1096, 1100 (8th Cir. 2006).

Likewise, Gronemeyer's testimony was based on lab experiments designed to test the conclusions of Allstate's investigator relative to the fire. Gronemeyer's testimony reflects that the purpose of his lab experiments was to test Allstate's theory on the fire's ignition source, and not to recreate the fire underlying Adams' claim under the insurance policy. At the heart of the scientific method is the ability to test a hypothesis. See Somnis v. Country Mut. Ins. Co., 840 F. Supp. 2d 1166, 1172 n.2 (D. Minn. 2012) ("the 'hallmark' for reliability of an expert's opinion is 'the scientific method, i.e., the generation of testable hypotheses that are then subjected to the real world crucible of experimentation, falsification / validation, and replication.'"). Allstate's concerns regarding the similarity of Gronemeyer's tests to the actual conditions of the fire go to the weight of the evidence. Allstate had the opportunity during trial to cross-examine Gronemeyer concerning the tests upon which Gronemeyer's testimony was premised compared to the actual conditions giving rise to the fire underlying Adams' insurance claim Bonner v. ISP Techs., Inc., 259 F.3d 924, 929 (8th Cir. 2001) ("It is up to the opposing party to examine the factual bases for the opinion in cross-examination."). Allstate's motion for new trial on the basis of improper expert witness testimony is denied.

For all of these reasons, the Court concludes the jury's verdicts were not against the great weight of the evidence so as to constitute a miscarriage of justice. Foster v. Time Warner Entm't Co., L.P., 250 F.3d 1189, 1197 (8th Cir. 2001). Accordingly, it is hereby

ORDERED Plaintiff Allstate Vehicle and Property Insurance Company's ("Allstate") Renewed Motion for Judgment as a Matter of Law (Doc. #231) is DENIED. It is further

ORDERED Plaintiff Allstate Vehicle and Property Insurance Company's ("Allstate") Motion for New Trial (Doc. #229) is DENIED.

IT IS SO ORDERED.

DATED: <u>August 10, 2018</u>

                                                    <u>/s/ Brian C. Wimes</u>
                                                    JUDGE BRIAN C. WIMES
                                                    UNITED STATES DISTRICT COURT